IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JASON ANTHONY LONG, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:23-CV-021-Z-BR |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS

Petitioner, Jason Anthony Long, filed a petition for writ of habeas corpus by a person in state custody under 28 U.S.C. § 2254. (ECF 3). Because it appeared that the petition was untimely, the Court issued an order to Respondent to file a preliminary answer on limitations. (ECF 5). Respondent filed a preliminary answer (ECF 8) and submitted pertinent state court records. (ECF 10). Petitioner has filed a reply. (ECF 11). Having considered the filings and applicable authorities, the undersigned recommends that the petition be DISMISSED as UNTIMELY.

## BACKGROUND

On December 13, 2017, Petitioner was convicted and sentenced to a term of imprisonment of 25 years under Case No. 27499C in the 251st District Court, Randall County, Texas, for aggravated robbery. (ECF 10-6 at 68–70). Petitioner appealed and his counsel filed a motion to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1967). The appellate court granted the motion and affirmed the judgment. *Long v. State*, No. 07-17-00459-CR, 2018 WL 7488938 (Tex. App.—Amarillo Dec. 19, 2018, no pet.). On January 18, 2019, Petitioner's motion for rehearing was denied. (ECF 8 at 2 & Ex. C).

On July 1, 2020, at the earliest, Petitioner filed a state application for writ of habeas corpus.

(ECF 10-13 at 21, 23). On November 4, 2020, the application was denied without written order. (ECF 10-12). On January 5, 2022, at the earliest, Petitioner filed a second state habeas application, (ECF 10-16 at 19, 25), which was dismissed on April 13, 2022, as subsequent. (ECF 10-15).[1]

The petition in this case purports to have been signed on December 10, 2022, (ECF 3 at 10), but it was not received for filing until February 10, 2023.

## **LIMITATIONS**

A one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The period runs from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987); *Roberts v. Cockrell*, 319 F.3d 690, 693–94 (5th Cir. 2003).

The time during which a properly filed application for state post-conviction relief is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas

---

[1] For purposes of these findings, the Court assumes that the dates the petitions were signed are the dates on which they were placed in the prison mail system.

petition is pending on the day it is filed through the day it is resolved. *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). A subsequent state petition, even though dismissed as successive, counts to toll the applicable limitations period. *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). And, a motion for reconsideration of the denial of a state petition also counts to toll limitations. *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). A state habeas application filed after limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re* Wilson, 442 F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Id.* Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629.

Finally, the Supreme Court has recognized actual innocence as an equitable exception to

the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* at 386–87; *Merryman v. Davis*, 781 F. App'x 325, 330 (5th Cir. 2019). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## **ANALYSIS**

Petitioner's judgment became final thirty days after the state appellate court denied his motion for rehearing. Tex. R. App. P. 68.2(a); *Roberts*, 319 F.3d at 693–94. Absent tolling, the one-year limitation period for filing a federal habeas petition expired on February 17, 2020. 28 U.S.C. § 2244(d)(1)(A). (Petitioner's state habeas applications did not toll limitations because they were filed after the expiration of the limitations period. *Scott*, 227 F.3d at 263.)

Petitioner acknowledges that his petition is untimely, giving as his excuse that he "is not a skilled attorney nor a trained paralegal." He also mentions "actual innocence." (ECF 3 at 9). It is clear from his petition and brief in support, however, that he is merely disputing that the evidence was sufficient to convict him. (*Id.* at 6; ECF 4 at 2). He does not cite to any "new" evidence at all. *McQuiggin*, 569 U.S. at 386; *Schlup*, 513 U.S. at 324. In his reply, Petitioner argues that he received ineffective assistance of counsel on appeal. (ECF 11). Even assuming appellate counsel was ineffective, and there is nothing to establish that he was,[2] Petitioner still has not identified any impediment to his timely filing of a petition in this case. Petitioner was not actively misled or

---

[2] The state appellate court independently reviewed the record after receiving the *Anders* brief and agreed that there were no arguable errors. *Long v. State*, No. 07-17-00459-CR, 2018 WL 7488938 (Tex. App.—Amarillo Dec. 19, 2018, no pet.).

4

prevented in some extraordinary way from asserting his rights before limitations ran. *Fierro*, 294 F.3d at 682; *Patterson*, 211 F.3d at 930. His ignorance of the law is insufficient to toll limitations. *Id.*

## RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition of Petitioner, Jason Anthony Long, be DISMISSED AS UNTIMELY.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on August 25, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).